**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YURIELVIS WILLIAMS DOMINGUEZ VERANE,

Petitioner,

v.

Case No. 1:26-cv-03480-MIS-LF

WARDEN, in his official capacity as Warden of Torrance County Detention Center MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Yurielvis Williams Dominguez Verane's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 13, 2026. The federal Respondents filed a Response on November 5, 2026.[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

This is Petitioner's third Petition for a writ of habeas corpus. Case Nos: 1:26-cv-2078-MIS-JHR ("Dominguez Verane I") & 1:26-cv-2171-DHU-KRS ("Dominguez Verane II"). The first two Petitions were consolidated in Dominguez Verane I. Briefly, Petitioner is a citizen of Cuba who entered the United States on or about March 2, 2021. Dominguez Verane I, ECF No. 10 at 2. On or about April 12, 2026, Petitioner was arrested on a felony burglary of building materials charge. Id. After his arrest, United States Immigrations and Customs Enforcement ("ICE") took custody of Petitioner. Id. He has been in custody ever since and is currently in custody at the Torrance County Detention Center in Estancia, New Mexico. Pet. at 1.

In Dominguez Verane I, the Court found that Petitioner was subject to immigration detention pursuant to 8 U.S.C. § 1226 and not pursuant to § 1225. Dominguez Verane I, ECF No. 10 at 2. The Court therefore granted his petition and ordered Respondents to provide him a bond hearing. Id. at 3. An Immigration Judge held a bond hearing on or about July 20, 2026, and denied bond. Order of the Immigr. Judge, ECF No. 6-8.

In the instant Petition, Petitioner does not challenge the adequacy of the bond hearing; rather he argues that now, after just shy of seven months of detention, his immigration detention has no definite end point and has become unconstitutional. Pet. at 6. Petitioner asserts that his appeal of the Immigration Judge's bond decision remains pending. Id. In addition, he also asserts that his appeal of an August 4, 2026, removal order also remains pending. Id. at 4, 6. He seeks immediate release. Id. at 7.

On October 23, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already

ruled on the legal issue(s) in this case and whether the holdings in Zadvydas v. Davis, 533 U.S. 678 (2001) or Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026) require relief." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Respondents argue that Petitioner's due process argument is "undeveloped" but construe it as a substantive due process claim. Resp. at 5-6. Initially, they assert that detention during removal proceedings does not implicate fundamental due process rights. Id. at 6 (citing Demore v Kim, 538 U.S. 510, 523 n.7 (2003). Next, they address a portion of the Court's Order to Show Cause, arguing that Zadvydas v. Davis, 533 U.S. 678 (20001), does not apply because Petitioner's removal order is not final. Id. at 7-8 (citing inter alia Mwangi v. Terry, 465 F. App'x 784 (10th Cir. 2012) & Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004)). Respondents suggest that so long as the

removal process remains pending Petitioner could not establish that his removal is not practically attainable because it cannot yet remove him, implying that even though there is no precise date at which the removal process will conclude it is not indefinite. Id. at 7-8. Respondents also argue that, even if an indefinite, prolonged detention pursuant to 8 U.S.C. § 1226(a) violates a noncitizen's Fifth Amendment due process rights, Petitioner has not met his burden to show that his detention is indefinite or prolonged. Id. at 8.

Initially, the Court disagrees with Respondents' contention that indefinite, prolonged detention pursuant to §1226(a) can not violate a noncitizen's Fifth Amendment due process rights. Rather, Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of approximately seven months, with no reasonably foreseeable end in sight, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas v. Davis, 533 U.S. 678, 699-701 (2001); Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY,

2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

To the extent Respondents suggest that Mwangi and Soberanes foreclose the possibility that a prolonged detention under § 1226(a) can never violate a noncitizen's due process rights, the Court disagrees. In Soberanes, for example, the Tenth Circuit recognized that a decision regarding the petitioner's appeal of a removal order to the Ninth Circuit was "impending." Soberanes, 388 F.3d at 1311. The Tenth Circuit then expressly stated that "we have no occasion to express any opinion on whether subsequent delay in that court might warrant remedial action under Zadvydas" and affirmed the denial of the petition without prejudice, recognizing that "circumstances may ultimately change." Id. In other words, the Tenth Circuit implicitly recognized that indefinite, prolonged detention could provide the basis for a Fifth Amendment due process claim under the principles set forth in Zadvydas, contrary to Respondents' argument. Id. The Court finds that Soberanes is limited to the particular fact pattern of that case – namely that the petitioner's prolonged detention was not indefinite because a federal appeal decision from another court was impending. Id. That is not the case here.

In this case, unlike Soberanes, there is no impending resolution of Petitioner's appeal of his removal order. As this Court has observed, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—

> from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, Case No. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026).

Indeed, were the Court to adopt Respondents' position, they could detain a petitioner for life simply by refusing to act on a Petitioner's appeal of a removal order. That cannot be the law, and the Court rejects this argument. See Liu v. Warden, No. 1:26-CV-03516-MIS-KRS, 2026 WL 3334296, at *3 (D.N.M. Nov. 4, 2026).

Respondents argue that Petitioner has not met the burden to show "good reason" that there is not a significant likelihood of removal in the reasonably foreseeable future. Again, the Court disagrees. Petitioner alleges that he was detained on April 14, 2026, and the Court observes that the gears of the removal proceedings have since moved slowly in that a removal order was not entered until August 4, 2026, consuming two-thirds of the presumptively reasonable period of detention set forth by Zadvydas. The mere briefing of his appeal of the removal order has taken approximately three additional months thus far. More, Petitioner has pleaded that even his appeal of the Immigration Judge's bond decision has been laboriously slow, having taken four months and counting – and appears to have no definite ending point. Pet. at 6. Implicit in these allegations is that Respondents have not provided Petitioner with any information from which he could determine the timeframe under which removal proceedings could conclude; notably that is information that Respondents control and possess. In short, the Petition is replete with factual

allegations – to which Respondents offer no information in response – that the appeals process seems to be indeterminate. The Respondents make rulings and then fail to offer any definitive time frame when Petitioner appeals those rulings – either to Petitioner directly or in the Court-ordered response to the Petition. To say that these proceedings are not indefinite in the absence of any evidence of a concrete timeline would turn the meaning of the word on its head. The Court finds these facts establish good faith reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The Respondents make no argument otherwise. See generally ECF No. 6. Respondents are entirely in control of this process, and the Court declines Respondents' invitation to give them leave to use that control to detain noncitizens indefinitely, particularly without any showing or evidence that removal proceedings, including the BIA appeal process, proceeds in a timely and orderly fashion. Should Respondents be concerned that noncitizens potentially subject to removal cannot be detained during the entirety of those proceedings, that is a concern entirely of Respondents' own making and entirely within their ability to address. See Liu, 2026 WL 3334296, at *3. Thus, the Court concludes for all the reasons set forth herein that Respondents prolonged, indefinite detention of Petitioner, now approaching seven months, violates his Fifth Amendment due process rights.

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. See generally ECF No. 6. Therefore, the Court finds that immediate conditional release is the appropriate remedy. The Court

further orders that Petitioner shall not be re-detained absent (1) evidence that Petitioner commits a crime subsequent to the date of this Order or has absconded in his administrative immigration proceedings, or (2) a valid final order of removal. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Yurielvis Williams Dominguez Verane from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner commits a crime subsequent to the date of this Order or has absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE